# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2020

Lyle W. Cayce
Clerk

No. 19-20527
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO DE JESUS VALDEZ ROJAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-700-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Antonio De Jesus Valdez Rojas appeals his conviction for illegal reentry into the United States following a previous deportation, a violation of 8 U.S.C. § 1326. In his guilty plea, Valdez Rojas reserved the right to appeal the district court's denial of his motion to dismiss the indictment. *See* FED R. CRIM. P. 11(a)(2). Relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), as he did in his motion to dismiss the indictment, Valdez Rojas argues that his prior

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20527

removal order was invalid because the notice to appear was defective for failing to include the date and time of his removal hearing.  According to Valdez Rojas, his prior removal therefore could not support a conviction for illegal reentry under § 1326, and the removal proceeding was fundamentally unfair requiring dismissal of the instant indictment.  Valdez Rojas concedes that his challenges are foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588), and *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *petition for cert. filed* (U.S. Dec. 16, 2019) (No. 19-779), but he raises the issues to preserve them for further review.  The Government has filed an unopposed motion for summary affirmance, agreeing that the issues are foreclosed by *Pedroza-Rocha* and *Pierre-Paul*.

Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  The parties are correct that Valdez Rojas's arguments are foreclosed.  *See Pedroza-Rocha*, 933 F.3d at 492-98.  Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.